IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 7 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00747-BNB

ANONYMOUS HUMAN RIGHTS ACTIVIST,
Registration No. 24733-037, also known as
DAMANI MUATA NANTAMBU, also known as
DAMMI MUATA NANTAMBU, also known as
D. M. N.,

     Plaintiff,

v.

P. RANGEL,
COUNSELOR D. FOSTER,
WARDEN DAVIS,
WARDEN WILEY,
A. W. MILUSNIC,
A. W. FOX,
C. O. G. BREAM,
C. O. SZEMBORKI,
COUNSELOR R. MADISON,
COUNSELOR G. KNOX,
CAPTAIN KRIST,
LT. RIVERS,
LT. EISCHEN,
SIA KRIST,
DEBRA LOCKE,
ATTORNEY SYNSAVOLLE,
MARK COLLINS,
LT. JANSON,
LT. DAN CLARK,
MEDICAL TECH ROGERS,
NONA GLADBACHE,
HARRELL WATTS,
REGIONAL DIRECTOR MCNALLEY,
C. O. D. KEEHAN,
C. O. A. STASRY,
C. O. B. SHERIDAN,
RAY BRIGGS,
B. O. P.,
E. ALEXANDER,
JOHN DOE 1-5(s),

Y. FETTERHOFF,
SIS SMITH,
C. O. MANSPEAKER, and
M. SMITH,

        Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE
## SECOND AND FINAL AMENDED COMPLAINT

---

The Plaintiff is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado.  He originally identified himself as "Anonymous Human Rights Activist."

In the documents submitted on May 11, 2011, Plaintiff revealed his name as Damani Muata Nantambu (ECF No. 11 at 3) and Dammi Muata Nantambu (ECF No. 12 at 1) and his prison registration number as 24733-037.  *Id.*  On the document submitted on May 13, 2011 (ECF No. 13 at 2), he identified himself as D. M. N. and again listed his registration number as 24733-037.  According to the inmate locator on the BOP website, www.bop.gov, the registration number 24733-037 is the registration number for Damani Muata Nantambu.  The Court has added these names and registration number to the caption of this order.

According to the Court's independent research of its own docketing records, Plaintiff's registration number, 24733-037, also is the registration number for Steven E. Hester, which appears to be another of Plaintiff's aliases.  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of

2

public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th

Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955

(10th Cir. 2001).

Plaintiff attempted to initiate the instant action by submitting *pro se* the following

documents titled: (1) "Pro-Se Motion for Preliminary Injunction and/or Protective Order

and Request for Immediate Evidentiary Hearing With Brief in Support of It," (2)

"Application to Proceed In District Court Without Prepaying Fees or Costs," (3) "Motion

for Protective Order; Filing(s) Under Seal," (4) "Summons in a Civil Case," (5) "United

States Marshals Service Process Receipt and Return," and (6) a letter to the clerk of

the Court "Re: Injunction and Pleadings."

The Court initially sealed this case in response to Plaintiff's allegations that his

life is in danger.  On April 3, 2011, the Court entered an Order to Unseal Case (ECF

No. 8), denying Plaintiff's motion titled "Motion for Protective Order; Filing(s) Under

Seal." (ECF No. 3).  In the April 3 order unsealing the case, the Court noted, in

pertinent part:

> Pursuant to Rule 5.2 of the Federal Rules of Civil
> Procedure, a court may unseal a filing.  Plaintiff, in the
> "Motion for Protective Order; Filing(s) Under Seal," alleges in
> support of his request to seal this action that he has been
> falsely labeled an informant for the government, ADX
> inmates have access to court records via the prison's
> electronic law library, his filings are being scrutinized by
> gang members, and he has been "targeted for murder,"
> apparently by co-inmates.  *See* Motion for Protective Order;
> Filing(s) Under Seal at 3.
>
> Upon closer examination of the file, the Court has
> determined Plaintiff's contention that his life is in danger
> relies on vague and conclusory allegations unsupported by

> factual allegations.  The information of concern to Plaintiff,
> that he be labeled a snitch for the government, he contends
> is a rumor that is widely believed and has been circulated
> since 1994.  Therefore, by unsealing this action, the Court is
> not adding to the public record any information not already
> widely circulated. ***See*** Motion for Protective Order; Filing(s)
> Under Seal at 3.

Order to Unseal Case (ECF 8) at 2.

On April 8, 2011, the Court entered an order directing Plaintiff to cure certain

deficiencies in the case within thirty days if he wished to pursue his claims.  The April 8

order pointed out that Plaintiff failed to submit either the $350.00 filing fee or a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915

together with a certified copy of his trust fund account statement for the six-month

period immediately preceding this filing.  The order also pointed out that Plaintiff failed

to submit a Prisoner Complaint.  The order warned Plaintiff that if he failed to cure the

designated deficiencies within the time allowed the action would be dismissed without

prejudice and without further notice.

On May 11, 2011, Plaintiff submitted a Prisoner's Motion and Affidavit for Leave

to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund

account statement.  On May 13, 2011, he submitted an amended complaint (ECF No.

13) for declaratory and injunctive relief and money damages pursuant to ***Bivens v. Six***

***Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) and 28

U.S.C. § 1331; the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680; 18 U.S.C.

§ 241 and 242, and other statutory authority.  Also on May 13 he submitted an

amended § 1915 motion and affidavit (ECF No. 14), and another motion to seal titled

"Motion for Protective Order/Motion to Withhold Plaintiffs [sic] Identity in All Future Pleadings, Filings, Orders and Rulings" (ECF 15).

The Court must construe Plaintiff's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

In the May 13 motion for a protective order, Plaintiff rehashes arguments he previously raised in the motion titled "Motion for Protective Order; Filing(s) Under Seal." (ECF No. 3). Therefore, the May 13 motion will be denied. Plaintiff will be granted leave to proceed pursuant to § 1915 by separate order. For the reasons stated below, Plaintiff will be ordered to file a second and final amended complaint.

Plaintiff may not pursue his asserted claims pursuant to the various federal criminal statutes he has cited. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, Plaintiff lacks standing to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States.

5

Plaintiff also may not sue the BOP in a *Bivens* action.  The United States, as sovereign, is immune from suit unless it expressly consents to be sued.  *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989).

In the amended complaint, Plaintiff complains about the conditions of his confinement.  The amended complaint, which is forty-one pages, single-spaced, with fifty-three pages of exhibits, is confusing, verbose, repetitive, and generally unintelligible.

As a result, Plaintiff's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a)

6

and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Plaintiff to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff fails to provide a short and plain statement of the grounds for the court's jurisdiction or to set forth a short and plain statement of his claims showing he is entitled to relief. He also fails to explain the role each of the named defendants played in the alleged constitutional violations. Piecing together Plaintiff's allegations and speculating about his claims is neither a judicial function nor the responsibility of the defendant. Plaintiff must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the second and final amended complaint he will be directed to file, Plaintiff must allege, simply and concisely, his specific claims for relief. He must not set forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from

7

which the defendant may form a responsive pleading." *New Home Appliance Ctr.,*
*Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a),
"[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts
upon which relief can be granted upon any legally sustainable basis." *Id.*

Plaintiff will be directed to file a second and final amended complaint that
complies with the pleading requirements of Rule 8. Plaintiff is reminded that it is his
responsibility to present his claims in a manageable format that allows the Court and
the defendants to know what claims are being asserted and to be able to respond to
those claims.

In the second and final amended complaint he will be directed to file, Plaintiff
must assert the personal participation by each named defendant. *See Bennett v.
Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation,
Plaintiff must name and show how the named defendants caused a deprivation of his
federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an
affirmative link between the alleged constitutional violation and each defendant's
participation, control or direction, or failure to supervise. *See Butler v. City of
Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on
a theory of respondeat superior merely because of his or her supervisory position. *See
Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d
479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he
or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010)
(Tymkovich, J., concurring), *cert. denied*, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Plaintiff may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. To the extent Plaintiff is attempting to assert FTCA claims, he should note that in an FTCA action, the United States is the only proper defendant. 28 U.S.C. § 2679(d)(1).

Lastly, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The amended complaint Plaintiff filed is difficult to read because it is single-spaced. The second and final amended complaint Plaintiff will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Plaintiff, therefore, will be directed to file a second and final amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states his claims clearly and concisely and legibly, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that the motion to seal titled "Motion for Protective Order/Motion to Withhold Plaintiffs [sic] Identity in All Future Pleadings, Filings, Orders and Rulings" (ECF 15) is denied. It is

FURTHER ORDERED that Plaintiff, Anonymous Human Rights Activist, Registration Number 24733-037, also known as Damani Muata Nantambu, Dammi

Muata Nantambu, and D. M. N., file **within thirty days from the date of this order** a second and final amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Plaintiff, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the second and final amended complaint.  It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Plaintiff fails to file a second and final amended complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice.  It is

FURTHER ORDERED that the clerk of the Court add to the docketing records of this Court the names Damani Muata Nantambu, Dammi Muata Nantambu, and D. M. N. as aliases for the Anonymous Human Rights Activist, and his prison registration number 24733-037.  It is

FURTHER ORDERED that the clerk of the Court mail Plaintiff's copy of this order addressed to:

Anonymous Human Rights Activist
Reg. No. 24733-037, also known as
Damani Muata Nantambu, also known as
Dammi Muata Nantambu, also known as
D. M. N.
ADX Florence
PO Box 8500
Florence, CO 81226.  It is

FURTHER ORDERED that Plaintiff file the second and final amended complaint under his own signature and not as Anonymous Human Rights Activist.

DATED May 17, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-00747-BNB

Anonymous Human Rights Activist
Reg. No. 24733-037, a/k/a
Damani Muata Nantambu, a/k/a
Dammi Muata Nantambu, a/k/a
D. M. N.
ADX Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on May 17, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk